UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON, | No. 2:14-cv-2485-KJM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN COUNTY SHERIFF'S DEPARTMENT, and Does 1-10, | |
| Defendants. | |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1   Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3   fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of
6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7   a cause of action's elements will not do.  Factual allegations must be enough to raise a right to
8   relief above the speculative level on the assumption that all of the complaint's allegations are
9   true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable
10  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations
13  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
14  construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
15  plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy
16  the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)
17  requires a complaint to include "a short and plain statement of the claim showing that the pleader
18  is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
19  upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
21  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,
22  511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
23  confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction
24  requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
25  "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
26  authorized by a federal statute that both regulates a specific subject matter and confers federal
27  jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity
28  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

1  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*
2  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
3  of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of
4  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*
5  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

6  Here, whether the subject matter jurisdiction of the court has been properly invoked is not
7  clear.  The complaint is imprecise as to what causes of action are being asserted.  It includes
8  allegations that plaintiff was house-sitting for a friend when officers from the San Joaquin County
9  Sheriff's Department executed a search warrant at the home.  ECF No. 1 at 3.  Plaintiff claims
10 that despite not resisting or acting hostile towards officers, he was shot by a taser, attacked by the
11 sheriff's dogs, and kicked in his hip.  *Id*.  He further claims that officers broke all of the window
12 in the house and seized property.  *Id*.

13 Although not specified as such, it appears that plaintiff is attempting to allege a federal
14 question claim under 42 U.S.C. § 1983.  However, the complaint contains insufficient allegations
15 to state such a claim.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
16 essential elements: (1) that a right secured by the Constitution or laws of the United States was
17 violated, and (2) that the alleged violation was committed by a person acting under the color of
18 state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil
19 rights claim unless the facts establish the defendant's personal involvement in the constitutional
20 deprivation or a causal connection between the defendant's wrongful conduct and the alleged
21 constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.*
22 *Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the
23 theory that the official is liable for the unconstitutional conduct of his or her subordinates.
24 *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person
25 or persons who violated his rights.  He must also plead facts showing how that particular person
26 was involved in the alleged violation.

27 A municipal entity or its departments is liable under section 1983 only if plaintiff shows
28 that his constitutional injury was caused by employees acting pursuant to the municipality's

1 policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977);
2 *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic*
3 *Festival Ass'n,* 541 F.3d 950, 964 (9th Cir. 2008).

4     Here, the only named defendant is the San Joaquin County Sheriff's Office.  Plaintiff,
5 however, fails to state a claim against that defendant because he has not sufficiently alleged that
6 he was injured as a result of employees acting pursuant to any policy or custom of San Joaquin
7 County.  In fact, plaintiff makes no allegations at all against the County or the Sheriff's Office.
8 Local government entities may not be held vicariously liable under section 1983 for the
9 unconstitutional acts of its employees under a theory of respondeat superior.  *See Board of Cty.*
10 *Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

11     Accordingly, plaintiff's complaint must be dismissed.  However, plaintiff is granted leave
12 to file an amended complaint, if he can allege a cognizable legal theory against a proper
13 defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d
14 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity
15 to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an
16 amended complaint, the amended complaint shall clearly set forth the allegations against each
17 defendant.  Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each
18 limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil
19 Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left
20 margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any
21 amended complaint shall also use clear headings to delineate each claim alleged and against
22 which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead
23 clear facts that support each claim under each header.

24     Any amended complaint must identify as a defendant only persons who personally
25 participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
26 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
27 constitutional right if he does an act, participates in another's act or omits to perform an act he is
28 /////

legally required to do that causes the alleged deprivation).  It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiffs that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  June 2, 2016.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE