UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON, | No. 2:14-cv-2485-KJM-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SAN JOAQUIN COUNTY SHERIFF'S DEPARTMENT, Does 1-10, | |
| Defendant. | |

The court previously granted plaintiff's request for leave to proceed *in forma pauperis*, but dismissed his complaint with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[1] Plaintiff has since filed a first amended complaint. However, his amended complaint fails to cure the defects that resulted in the dismissal of the original complaint and it, too, must be dismissed.

As previously explained to plaintiff, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of
/////

subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's original complaint alleged that he was house-sitting for a friend when officers from the San Joaquin County Sheriff's Department executed a search warrant at the home. ECF No. 1 at 3. Plaintiff claimed that despite not resisting or acting hostile, he was shot by a taser, kicked in the hip, and attacked by the sheriff's dogs. *Id*. The order dismissing that complaint noted that it was unclear from the complaint what causes of action plaintiff was asserting. ECF No. 6 at 3. The order pointed out that to the extent plaintiff intended to assert a claim under 42 U.S.C. § 1983 against the San Joaquin County Sheriff's Department, the only named defendant, the claim failed because plaintiff did not allege an injury as a result of any policy or custom of San Joaquin County. *Id*. at 4. Accordingly, the complaint was dismissed with leave to amend.

Plaintiff's amended complaint again names the San Joaquina County Sheriff's Department as the only identifiable defendant.[2] The only federal claims alleged against this defendant are all brought pursuant to 42 U.S.C. § 1983, but plaintiff still has not alleged facts showing a deprivation of federally protected rights that occurred as the result of a policy or established custom or practice of the Sherriff's Department. As previously explained to plaintiff, local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). A municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 964 (9th Cir. 2008). Municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government

---

[2] The amended complaint purports to assert claims against San Joaquin County Sheriff's Department and 10 Doe defendants for unlawful detention and arrest, excessive force, and failure to intervene under 42 U.S.C. § 1983, as well as various state law claims.

3

entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). "To sufficiently plead a *Monell* claim . . ., allegations in a complaint 'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Johnson v. Shasta County*, 83 F. Supp. 3d 918, 930 (E.D. Cal. 2015) (quoting *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).

The amended complaint again alleges that that plaintiff was at friend's house when Sheriff Deputies executed a warrant. ECF No. 7 at 3. The deputies allegedly kicked down the front door and shot plaintiff with a taser, handcuffed him, and kicked him. *Id*. Plaintiff also alleges that he was attacked by a police dog, and that deputies broke his car window and removed his personal items. *Id*. These allegations do not support a conclusion that the acts alleged were pursuant to an established policy or practice of the Sherriff's Department. The complaint includes a vague and conclusory assertion that the Sheriff's Department "had final policy making authority" and that it approved of the deputies "conduct in detaining and arresting plaintiff with excessive force in violation of his rights under the Fourth Amendment to the Consecution of the United States," ECF No. 7 at 6-7, but contains no facts demonstrating such approval. Conclusory allegation devoid of any supporting factual allegations demonstrating that the Sheriff's department ratified or approved the deputies' conduct cannot satisfy the applicable standard. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, plaintiff fails to allege a federal claim against this defendant.

Plaintiff also purports to assert state law claims against the Sheriff's Department for violations of California's Ralph Act, Cal. Civ. Code § 51.7, and Bane Act, Cal. Civ. Code § 52.1. But plaintiff has yet to assert a properly pleaded federal cause of action which could support supplemental jurisdiction over those state law claims.

/////

The amended complaint also indicates an attempt to assert diversity jurisdiction over the state law claims, but the complaint fails to establish complete citizenship that could support such jurisdiction. To establish diversity jurisdiction plaintiff must allege diverse citizenship of all parties. *Bautista v. Pan American World Airlines, Inc.,* 828 F.2d 546, 552. The amended complaint indicates that plaintiff and the San Joaquin Sheriff's Department are both citizens of California. ECF No. 7 at 2; *see Moor v. Alameda County*, 411 U.S. 693, 411 U.S. 693, 717-718 (political subdivisions of a state, such as a county, "is a citizen of the State for diversity purposes."). Thus, the court lacks diversity jurisdiction over plaintiff's state law claims.

Given the jurisdictional deficiency, as well as plaintiff's failure to remedy the deficiency in his amended complaint, the court finds that further amendment as to his claim against the San Joaquina County Sheriff's Department would be futile. Accordingly, plaintiff's complaint should be dismissed as to this defendant without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

Finally, plaintiff has named in the complaint several Doe defendants. The use of Doe defendants in federal court is problematic. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). First, unknown persons cannot be served with process until they are identified by their real names. Secondly, where jurisdiction depends upon diversity, it cannot be established until the defendants are actually identified. Finally, the Federal Rules of Civil Procedure, not state procedural rules and pleading practice for fictitious defendants, govern pleadings in federal court. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). Although plaintiff has yet to allege facts sufficient to state a cognizable claim against an identified party, the dismissal of the complaint as to the unknown persons should be without prejudice. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it

determines that the pleading could not be cured by the allegation of other facts."). Thus, the dismissal of the Does should be without prejudice in the event plaintiff can timely name an identifiable person(s) who allegedly deprived him of federally protected rights while acting under color of state law.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's claims against the Doe defendants be dismissed without prejudice to re-filing an action against these defendants should plaintiff learn their true names.

2. Plaintiff's claims against defendant San Joaquin County Sheriff's Department be dismissed without leave to amend; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 13, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE